UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO,<br><br>        Plaintiff,<br><br>v.<br><br>SUPERIOR CONSTRUCTION GROUP, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)  Judge<br>)  FILED: MARCH 26, 2008<br>)  08CV1761 NF<br>)  JUDGE CASTILLO<br>)  MAGISTRATE JUDGE BROWN<br>) |

## COMPLAINT

Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), through its attorneys, Dowd, Bloch & Bennett, by way of complaint against Superior Construction Group, Inc. ("Company"), states as follows:

1. The Court has jurisdiction over this matter and venue is proper pursuant to §301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

2. The Union is a "labor organization" within the meaning of 29 U.S.C. §152(5), and maintains its principal place of business within this district.

3. The Company is an Illinois corporation in the masonry contracting business, is an "employer" within the meaning of 29 U.S.C. § 152(2), and does business within this district.

4. On or around September 30, 2003, the Company entered into a short form collective bargaining agreement ("CBA") with the Union.

5. The CBA has remained in effect since it was signed.

6. The CBA incorporates the substantive terms of the agreements negotiated from time to time between the Union and various employer associations (the "Association Agreement").

7. The Association Agreement provides, among other things, that employers must provide bonds under certain circumstances and that disputes are to be resolved through a grievance procedure that culminates in presentation of claims to, and resolution of those claims by, a joint arbitration board ("JAB").

8. Article XXIV of the CBA requires the Company to have a bond in the amount of $30,000.00.

9. For some or all of the period from February 28, 2005 through December 2007, the Company maintained a $30,000.00 bond as required by the CBA and as ordered by a decision of the JAB following a hearing in November 2004.

10. In or around July 2007, the Company asked that it be permitted to appear before the JAB to request that the amount of its bond be reduced, and the Union arranged for the matter to be presented to the JAB at a hearing on July 26, 2007, notice of which the Union gave to the Company.

11. The JAB met on July 26, 2007, as scheduled, and ruled the Company must maintain the $30,000.00 bond.

12. Notwithstanding the contractual obligation that it maintain the $30,000.00 bond and the ruling of the JAB, the Company allowed its bond to be cancelled in or before December 2007.

13. The Union provided notice to the Company on March 4, 2008, demanding that it reinstate or replace the $30,000.00 bond within ten days, and stating the Union would file suit if the Company failed to do so or failed to make other acceptable arrangements.

14. Notwithstanding the contractual obligation to maintain a bond, the order of the JAB, and the additional notice from the Union, the Company has not provided the Union with a replacement bond.

15. Article XXIV, Section 24.4 of the CBA provides that if a contractor that is required to obtain a bond fails to do so within ten days of the Union sending a written request for such a bond, the Union may file suit in any court of proper jurisdiction and the contractor will be required to provide the bond and to reimburse all legal fees and costs incurred by the Union.

16. The Company's failure to provide the bond as required by the CBA and the award of the JAB is a breach of the CBA, and that failure to provide the bond subjects the Union, its members, and the fringe benefit trust funds identified in the CBA to the risk that further delinquencies will occur and will not be satisfied because of the absence of the contractually required security.

WHEREFORE, the Union respectfully asks that judgment be entered against Superior Construction Group, Inc., as follows:

(1) Ordering it to provide a $30,000.00 bond in the required form or to provide the Union with $30,000.00 to serve as a cash bond;

(2) Ordering it to cease all work, regardless of the name or business form under which it performs such work, within the geographic and craft jurisdiction of the Union until it provides the bond or cash bond;

(3) Ordering it to reimburse the Union for all legal fees and costs incurred in this suit; and

(4) Granting such other relief as the Court deems just and proper.

      /s/ Barry M. Bennett
Attorney for
Illinois District Council No. 1
of the International Union of Bricklayers
and Allied Craftworkers, AFL-CIO

Barry M. Bennett
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL  60603
(312) 372-1361

F:\B -DC 1\Superior Construction\Complaint\Complaint.wpd