UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 )<br>OF THE INTERNATIONAL UNION )<br>OF BRICKLAYERS AND ALLIED )<br>CRAFTWORKERS, AFL-CIO, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>SUPERIOR CONSTRUCTION )<br>GROUP, INC., 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. )  | Case No. 08 C 1761<br><br>Judge Castillo<br><br>Magistrate Judge Brown |

PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND ENTRY OF FINAL ORDER

Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, respectfully moves pursuant to Fed.R.Civ.P. 55(b)(2) for entry of a default judgment and a final order, in the form attached or otherwise, against Superior Construction Group, Inc. (the "Company"). In support of this motion, the Union submits as follows:

1.　This action is a suit under § 301 of the Labor-Management Relations Act, 29 U.S.C. §§141, 185, to enforce the terms of a collective bargaining agreement.

2.　As set forth in the complaint, the Union is a "labor organization" within the meaning of 29 U.S.C. § 152(5), and the Company is an "employer" within the meaning of 29 U.S.C. §152(2).

3.　As is also set forth in the complaint, the labor contract and previous arbitration awards require the Company to provide and maintain a $30,000.00 bond to assure payment

of wages, benefit fund contributions, dues, and other obligations under the contract; and also provide that if an employer fails to comply with the bond requirement after receipt of notice, and the Union sues to obtain compliance, the employer must reimburse all legal fees and costs incurred by the Union.

4. As is also set forth in the complaint, the Company has failed to comply with the obligation to provide and maintain a bond despite the arbitration awards and a separate notice and demand from the Union.

5. The Company's failure to provide the bond as required subjects the Union, its members, and the fringe benefit trust funds identified in the labor contract to the risk that further delinquencies will occur and will not be satisfied because the contractually required form of security is not available.

6. The required form of the bond is attached as Exhibit A.

7. As set forth in the Return of Service form filed with the Clerk on April 17, 2008, a copy of which is attached as Exhibit B, the summons and complaints were personally served on the Company on April 13, making its answer or responsive pleading due May 5.

8. The Company has not answered, filed some other responsive pleading, or had an appearance entered on its behalf.

9. The Union seeks an order requiring the Company to provide a bond in the amount of $30,000.00 and in the form shown in Exhibit A, or to make a payment to the Union of $30,000.00 to serve as a cash bond, and to cease all work within the Union's geographic and craft jurisdiction until it does so, regardless of the name or business form

under which such work is performed; and requiring the Company to reimburse the fees and costs incurred by the Union.

10. The fees and costs for which the Union seeks reimbursement total $2,577.75, comprising $1,945.75 for fees and $632.00 for costs.

11. As of the completion of this motion and the related documents, the Union's lawyer has devoted a total of 7.05 hours to this matter. This motion is accompanied by an affidavit from the Union's lawyer, which describes and categorizes the work. Bennett Affidavit, ¶ 5.

12. The Union also seeks reimbursement for an additional two hours of legal work, which its lawyer believes is the minimum amount of work that will be required after preparing and filing this motion. *Id.*, ¶ 7.

13. As set forth in the attached affidavit, the Union's lawyer actually performed the work for which reimbursement is sought, except for the anticipated two hours of future work, and did so based on his professional judgment that such work was necessary to represent the interests of his client. *Id.*, ¶ 6.

14. As is also set forth in the attached affidavit, the Union's lawyer charges the Union $215.00 an hour for work of this sort, which amount we respectfully submit is neither unreasonable nor excessive in light of his skill and experience. *Id.*, ¶¶ 8-9.

15. The Union also seeks recovery of $632.00 in costs, comprising the filing fee, the charge for service of the summons and complaint, and the set cost figure charged for two electronic filings. *Id.*, ¶ 10.

16.     Even if the Company had filed a timely answer, it would be virtually impossible for it to present a meritorious defense because the labor contract explicitly requires employers to provide bonds and to reimburse the Union's legal fees and costs upon a failure to do so, and the labor arbitration awards also require the Company to provide and maintain the bond.

17.     The basis for all relief requested is stated in the contract and the arbitration awards, and the basis for the fees and costs for which reimbursement is sought is presented in detail in the attached affidavit.  Under these circumstances, the Union respectfully submits that all the information needed to justify entry of a final order is presented here, and that no useful purpose would be served by requiring a "prove-up" hearing or further proceedings.

WHEREFORE, the Union respectfully asks that its motion be granted and that judgment be entered against Superior Construction Group, Inc., in the form attached or otherwise, ordering it to provide a $30,000.00 bond in the required form or to pay the Union $30,000.00 to serve as a cash bond; to cease all work within the geographic and craft jurisdiction of the Union until it does so, regardless of the name or business form under which it performs such work; and to reimburse the Union $2,577.75 for legal fees and costs.

| | |
|---|---|
| Barry M. Bennett | /s/ Barry M. Bennett |
| DOWD, BLOCH & BENNETT | Attorney for |
| 8 South Michigan Avenue, 19th Floor | Illinois District Council No. 1 |
| Chicago, IL  60603 | of the International Union of Bricklayers |
| (312) 372-1361 | and Allied Craftworkers, AFL-CIO |

F:\B -DC 1\Superior Construction 08-1761\05.07.08 Filing\Motion for Default Judgment-1 FINAL.wpd

# EMPLOYER'S BOND
(STANDARD BRICK)

***KNOW ALL PEOPLE BY THESE PRESENTS***, THAT WE _____
(NAME OF EMPLOYER)

A _____, OF _____ ILLINOIS, HEREIN CALLED THE "PRINCIPAL",
(INDICATE CORPORATION, PARTNERSHIP, OR SOLE PROPRIETOR)  (CITY)

AND _____, HEREIN CALLED THE "SURETY" ARE HEREBY
(NAME OF BONDING COMPANY)

HELD AND FIRMLY BOUND UNTO THE VARIOUS FRINGE BENEFIT, INDUSTRY, AND PROMOTION FUNDS IDENTIFIED IN THE COLLECTIVE BARGAINING AGREEMENT BETWEEN ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS (THE "DISTRICT COUNCIL") AND THE VARIOUS EMPLOYER ASSOCIATIONS THAT BARGAIN THROUGH THE NORTHERN ILLINOIS MASON EMPLOYERS COUNCIL AND ANY SUCCESSOR COLLECTIVE BARGAINING AGREEMENTS, ALL OF WHICH FUNDS ARE COLLECTIVELY REFERRED TO AS THE "FUNDS"; UNTO THE DISTRICT COUNCIL; UNTO THE LOCAL UNIONS THAT ARE MEMBERS OF THE DISTRICT COUNCIL (THE "LOCAL UNIONS"); AND UNTO ALL INDIVIDUALS EMPLOYED BY THE PRINCIPAL AND REPRESENTED FOR COLLECTIVE BARGAINING PURPOSES BY THE DISTRICT COUNCIL, REFERRED TO AS THE "UNION EMPLOYEES" (THE FUNDS, THE DISTRICT COUNCIL, THE LOCAL UNIONS, AND THE UNION EMPLOYEES ARE COLLECTIVELY REFERRED TO AS THE "OBLIGEES") IN THE PENAL SUM OF _____ DOLLARS ($ _____), FOR THE OBLIGATIONS AND
(AMOUNT WRITTEN OUT)                                     (AMOUNT)

UNDERTAKINGS HEREINAFTER SET FORTH, FOR THE PAYMENT OF WHICH, WELL AND TRULY TO BE MADE, WE HEREBY JOINTLY AND SEVERALLY BIND OURSELVES, OUR SUCCESSORS, ASSIGNS, HEIRS, EXECUTORS, AND ADMINISTRATORS.

▶ SIGNED AND SEALED AND DATED ON THIS _____ DAY OF _____, _____.

**WHEREAS,** THE ABOVE NAMED PRINCIPAL IS EMPLOYING OR PROPOSES TO EMPLOY EMPLOYEES IN A BARGAINING UNIT REPRESENTED BY THE DISTRICT COUNCIL FOR THE PURPOSE OF PERFORMING CERTAIN WORK AS DEFINED IN A COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PRINCIPAL AND THE DISTRICT COUNCIL;

**NOW, THEREFORE,** THE CONDITIONS OF THIS BOND ARE SUCH THAT IF THE PRINCIPAL SHALL WELL AND FAITHFULLY PAY THE WAGES DUE THE UNION EMPLOYEES WITH RESPECT TO THE WORK PERFORMED BY THE UNION EMPLOYEES, THE CONTRIBUTIONS DUE THE FUNDS, THE DUES DUE THE DISTRICT COUNCIL AND THE LOCAL UNIONS, AND SUCH OTHER AMOUNTS AS THE PRINCIPAL MAY BE REQUIRED TO PAY THE OBLIGEES, OR ANY OF THEM, PURSUANT TO THE COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PRINCIPAL AND THE DISTRICT COUNCIL, THEN THIS OBLIGATION SHALL BE VOID; OTHERWISE IT SHALL REMAIN IN FULL FORCE AND EFFECT.

THE OBLIGEES SHALL NOT BE REQUIRED TO SEND NOTIFICATIONS OF DEFAULT UNTIL AT LEAST **90 DAYS** AFTER THE DELINQUENT PAYMENT OR PAYMENTS FIRST BECOME DUE.

IF SURETY IS REQUIRED TO MAKE PAYMENT TO THE OBLIGEES PURSUANT TO THE BOND, SURETY SHALL HAVE NO CLAIM OR RIGHT OF ANY SORT AGAINST OBLIGEES.



EXHIBIT A

IF THE AGGREGATE AMOUNT DUE THE OBLIGEES SHALL EXCEED THE AMOUNT OF THIS BOND, THEN THE CLAIMS OF THE VARIOUS OBLIGEES SHALL BE SATISFIED ON A *PRO RATA* BASIS, PROPORTIONATE TO THE AMOUNT OF EACH OBLIGEE'S CLAIM. ANY DISPUTES AS TO THE PROPER DISTRIBUTION IN SUCH CIRCUMSTANCES, AND ANY DISPUTES REGARDING THE PRINCIPAL'S OBLIGATIONS TO THE OBLIGEES, SHALL BE RESOLVED IN ACCORD WITH THE DISPUTE RESOLUTION MECHANISMS OF THE COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PRINCIPAL AND THE DISTRICT COUNCIL.

IF THE SURETY FAILS WITHOUT GOOD REASON TO MAKE PAYMENT ON A VALID CLAIM WITHIN **30 DAYS** OF BEING PRESENTED WITH SUCH CLAIM AND REASONABLE SUPPORT FOR IT, OR FAILS WITHOUT GOOD REASON TO MAKE PAYMENT WITHIN SUCH ADDITIONAL TIME AS MAY BE FOUND PROPER, SURETY WILL BE LIABLE TO THE OBLIGEES FOR INTEREST AT THE THEN APPLICABLE RATE ON ALL PAYMENTS AND IF THE OBLIGEES FILE SUIT TO OBTAIN PAYMENT FROM SURETY AND PREVAIL IN SUCH A SUIT, SURETY SHALL REIMBURSE THE OBLIGEES FOR ALL REASONABLE LEGAL FEES AND COSTS. IF SURETY IS REQUIRED TO PAY INTEREST OR TO REIMBURSE LEGAL FEES AND COSTS PURSUANT TO THIS PROVISION, SUCH PAYMENT OR REIMBURSEMENT WILL NOT BE TREATED AS REDUCING THE AMOUNT OF SURETY'S OBLIGATION ON THIS BOND.

THIS BOND MAY BE CANCELED BY THE SURETY **120 DAYS** AFTER RECEIPT BY THE OBLIGEES OF THE SURETY'S WRITTEN NOTICE OF CANCELLATION BY REGISTERED MAIL, AND THE REQUIREMENT FOR SERVICE ON THE OBLIGEES SHALL BE DEEMED SATISFIED IF SUCH SERVICE IS MADE ON THE PRESIDENT-CHAIRMAN OF THE DISTRICT COUNCIL.

---

PRINCIPAL: (INDICATE CORPORATION, PARTNERSHIP, OR SOLE PROPRIETOR)

BY: _____

ATTEST: _____

SURETY

BY: _____

SURETY NAME: _____

ADDRESS: _____

CITY: _____

STATE: _____  ZIP: _____

PHONE: _____

| **RETURN OF SERVICE** ||
|---|---|
| Service of the Summons and Complaint was made by me. | DATE: April 13'th, '08 |
| NAME OF SERVER (PRINT)   Mr. Don Johnson | TITLE  Special Process Server |

Check one box below to indicate appropriate method of service

XXX   Served personally upon the defendant. Place where served: Personally handed the Summons and the Complaint to Mr. Jerzy Motolko, President of Superior Construction Group, Inc. Service was effected at 1540 Sanders Road, in Northbrook, Ill.

[_]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

[_]   Returned unexecuted: _____

[_]   Other (specify): _____

### STATEMENT OF SERVICES FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   April 13th, 2008                     *(signature)*
                Date                              Signature of Server

Post Office Box # 911
Tinley Park, Illinois 60477

Address of Server

**EXHIBIT B**

## AFFIDAVIT

COUNTY OF COOK      )
                                  ) SS
STATE OF ILLINOIS   )

I, Barry M. Bennett, of full age, being duly sworn on my oath, hereby depose and say as follows:

1. I am an attorney admitted to the regular and trial bar of this Court, as well as the bars of numerous other federal and state courts.

2. I am a partner in the firm Dowd, Bloch & Bennett, and in connection with this position I have primary responsibility for representation of Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), in the pending suit against Superior Construction Group, Inc. (the "Company") designated as Case No. 08 C 1761.

3. This affidavit is based on my personal knowledge and, if necessary, I could testify to the facts contained in this affidavit.

4. Through the time of completing this affidavit and the motion and related papers which it accompanies, I have devoted a total of 7.05 hours to this case.

5. My time on the case to date has consisted of 1.65 hours (3/22, 3/25, 3/26, 3/30) reviewing the file material, examining the labor contract, the arbitration awards, previous correspondence, and material on service of the award; checking the employer's corporate status, preparing a draft of the complaint (adapting existing material as available and applicable) and providing instructions for preparation of the summons,

appearance, and civil cover sheet; revising and supplementing the draft of the complaint, making final revisions and corrections to the complaint, making corrections as needed to the summons, appearance, and civil cover sheet; making a final check of all documents for filing and service, examining material returned from the court, providing instructions for service of the summons and complaint, and dictating and revising two letters to client representatives; .10 hours (4/5) examining an order from court; .85 hours (4/15, 4/17) speaking by telephone with the agent used to serve the summons and complaint, reading the return of service form and bill from the process server, providing instructions for filing and payment, and preparing separate letters to a client representative and the defendant; one hour (4/23, 4/29) reading two letters from a client representative, speaking by telephone with that individual three times, and dictating and revising separate letters to a client representative and a general contractor for which the Company was reportedly preparing to begin work notwithstanding its failures to abide by the contract and the arbitration awards; 1.15 hours (4/29) checking the order issued previously by the Court and Federal Rule 26, reviewing the file material to determine the contents of the initial disclosures and production, dictating a draft of the initial disclosure statement and a letter to the defendant, making revisions and corrections to the Rule 26 statement, designating documents for initial production, and making a final check and corrections as needed to the letter to the defendant, the initial disclosure statement, and the attachments; and 2.30 hours (5/3, 5/7) reviewing the file, checking the Court's schedule and motion practice,

preparing drafts (adapting existing material as applicable) of the notice, motion, proposed order, and this affidavit; revising and editing those documents, examining work records and adding this detailed description of the work to this affidavit, computing the fees and costs from the time and expense records and adding the reimbursement figures into the affidavit, motion, and proposed order; making final corrections on all the documents, and preparing and checking the material for filing and service.

6. I did, in fact, perform all work as described and did so based on my professional judgment that it was necessary in order to represent the Union properly.

7. I anticipate that after completing this affidavit and filing the motion, at least two additional hours will be spent preparing a letter to a client representative about filing the motion that this affidavit accompanies; preparing for and attending the hearing on the motion, examining any order or orders that are entered, and informing our client and the defendant of the result; and we therefore seek recovery of the charge that will be made for an additional two hours of my time.

8. Our firm charges the Union $215.00 an hour for my time for work involved in litigation, bringing the total fee reimbursement request to $1,945.75.

9. I have been a licensed attorney since 1980. I received my undergraduate degree from the University of Michigan and my law degree from Harvard Law School. Before joining my current firm in July 1997, I worked at another Chicago firm for over eleven years and was a shareholder and director there for over seven years. I have

worked exclusively in the fields of labor and employment during my time with these two firms, and I devoted over half my time to those fields in my previous employment. I believe the hourly rate of $215.00 is well within the range that is normal and reasonable for a lawyer in this area with such experience, and is substantially below the rates charged by lawyers with similar levels of skill and experience who practice on the management side.

10. In addition to the fees, we seek recovery of $632.00 in costs charged to the Union, comprising the $350.00 filing fee, a $232.00 charge for service of the summons and complaint, and two charges of $25.00 each, which is our firm's set expense charge for paralegal time in making electronic filings. The Union has incurred other expenses of a lesser nature in this case, but I have concluded that it would not be cost effective to determine the amount of those expenses and seek recovery for them.

I have read the foregoing affidavit and swear that it is true and correct to the best of my knowledge, information, and belief.

_____
Barry M. Bennett

Sworn to and subscribed before me
this 7th day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
ANNA MARIE HERNANDEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/7/2009

F:\data\amh\BMB\DC1\Superior\CDocs\Aff1-BMB.wpd

-4-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 )<br>OF THE INTERNATIONAL UNION )<br>OF BRICKLAYERS AND ALLIED )<br>CRAFTWORKERS, AFL-CIO, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>SUPERIOR CONSTRUCTION )<br>GROUP, INC., 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Defendant. ) | Case No. 08 C 1761<br><br>Judge Castillo<br><br>Magistrate Judge Brown |

## JUDGMENT ORDER

This matter came before the Court on motion for a default judgment and entry of a final order filed by Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), the Court has examined the Union's submissions and is fully informed, and it appears that good cause exists for granting the Union's motion.

Therefore, IT IS ORDERED as follows:

1.　　The Union's motion for entry of a default judgment against Defendant Superior Construction Group, Inc. ("Company"), is granted;

2.　　Superior Construction Group, Inc., is ordered to provide the Union with a bond in the amount of $30,000.00 and in the required form or, in the alternative, to make a payment to the Union in the amount of $30,000.00 to serve as a cash bond;

     3.     Superior Construction Group, Inc., is ordered to refrain from performing any work within the geographic and craft jurisdiction of the Union, regardless of the name or business form under which it performs such work, unless and until it provides the bond or cash bond;

     4.     Superior Construction Group, Inc., is ordered to pay the Union $2,577.75 as reimbursement of its fees and costs; and

     5.     The Court retains jurisdiction of this case to resolve any disputes concerning compliance.

SO ORDERED.

                                                                Ruben Castillo, J.

Date:_____

<u>**CERTIFICATE OF SERVICE**</u>

 I certify that I will serve the attached notice of motion, motion, affidavit, exhibits, and proposed order on the following party, which is not eligible for electronic service, by having copies mailed to it at the address indicated on May 7, 2008:

   Superior Construction Group, Inc.
   c/o Mr. Jerzy Motolko, President
   1540 Sanders Road
   Northbrook, IL  60062


             /s/ Barry M. Bennett   

F:\B -DC 1\Superior Construction 08-1761\05.07.08 Filing\Certificate of Service-2 FINAL.wpd