**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) Case No. 08 CV 1761 ) ) Judge Castillo |
| Plaintiff, | ) |
| -vs- | ) Magistrate Judge Brown ) |
| SUPERIOR CONSTRUCTION GROUP, INC., | ) ) |
| Defendant. | ) |

<u>**ANSWER**</u>

**NOW COMES** the Defendant, SUPERIOR CONSTRUCTION GROUP, INC., by and through its attorney, ROBERT HABIB, and in answer to the Complaint, states as follows:

1. The Court has jurisdiction over this matter and venue is proper pursuant to 301 of the Labor-Management Relation Act, 29 U.S.C 185(a) and (c).

   **ANSWER:** Admits.

2. The Union is a "labor organization" within the meaning of 29 U.S.C. 152(5), and maintains its principal business within this district.

   **ANSWER:** Admits.

3. The Company of and Illinois corporation in the masonry, contracting business, is and "employer" within the meaning of 29 U.S.C. 152(2), and does business within this district.

**ANSWER:** Admits.

4. On or around September 30, 2003, the Company entered into a short form collective bargaining agreement ("CBA") with the Union.

**ANSWER:** Admits.

5. The CBA has remained in effect since it was signed.

**ANSWER:** Admits.

6. The CBS incorporates the substantive terms of the agreements negotiated from time to time between the Union and various employer associations (the "Association Agreement").

**ANSWER:** Admits.

7. The Association Agreement provides, among other things, that employers must provide bonds under certain circumstance and that disputes are to be resolved through a grievance procedure that culminated in presentation of claims to, and resolution of those claims by, a joint arbitration board ("JAB").

**ANSWER:** Admits.

8. Article XXIV of the CBA requires the Company to have a bond in the amount of $30,000.00.

**ANSWER:** Admits.

9. For some or all of the period from February 28, 2005 through December 2007, the Company maintained a $30,000.00 bond as required by the CBA and as ordered by a decision of the JAB following a hearing in November 2004.

**ANSWER:** Admits.

10. In or around July 2007, the Company asked that it be permitted to appear before the JAB at a hearing on July 26, 2007, notice of which the Union gave to the Company.

**ANSWER:** Admits.

11. The JAB met on July 26, 2007, as scheduled, and ruled the Company must maintain the $30,000.00 bond.

**ANSWER:** Admits.

12. Notwithstanding the contractual obligation that it maintain the $30,000.00 bond and the ruling of the JAB, the Company allowed its bond to be cancelled in or before December 2007.

> **ANSWER:** Denies in that Defendant's bonding company ceased writing the required Wage & Welfare Bond, and Defenddant was, and has been unable to retain another bonding company, although it is still making applications to do so.

13. The Union provided notice to the Company on March 4, 2008, demanding that it reinstate or replace the $30,000.00 bond within ten days, and stating the Union would file suit if the Company failed to do so or failed to make other acceptable arrangements.

3

**ANSWER:** Admits.

14. Notwithstanding the contractual obligation to maintain a bond, the order of the JAB, and the additional notice form the Union, the Company has not provided the Union with a replacement bond.

> **ANSWER:** Admits, but further state the Defendant has been unable to procure a bond, but is still in the process of trying to do so.

15. Article XXIV, Section 24.4 of the CBA provides that if a contractor that is required to obtain a bond fails to do so within ten days of the Union sending a written request for such a bond, that Union may file suit in any court of proper jurisdiction and the contractor will be required to provide the bond and to reimburse all legal fees and costs incurred by the Union.

**ANSWER:** Admits.

16. The Company's failure to provide the bond as required by the CBA and the award of the JAB is breach of the CBA, and that failure to provide the bond subjects the Union, its members, and the fringe benefit trust funds identified in the CBA to the risk that further delinquencies will occur and will not be satisfied because of the absence of the contractually required security.

> **ANSWER:** Denies in that Defendant has not employed workers since the bond ceased, and is not delinquent in the fringe benefit trust fund.

4

**WHEREFORE,** the Defendant prays that this Honorable Court grant it 90 additional days to place a bond, and for such other relief as this Court deems just.

/s/ Robert Habib_____
**ROBERT HABIB**

**ROBERT HABIB**
**Attorney No. 3128545**
**Attorney for Defendant**
**77 W. Washington St.**
**Suite 411**
**Chicago, IL 60602**
**(312) 201-1421**